ESTATE OF DORIS Z. TENENBAUM, DECEASED, THIRD NATIONAL BANK IN NASHVILLE, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Tenenbaum v. Commissioner
Docket No. 11378-93
United States Tax Court
T.C. Memo 1995-48; 1995 Tax Ct. Memo LEXIS 41; 69 T.C.M. (CCH) 1787; T.C.M. (RIA) 95048; January 31, 1995, Filed *41 Decision will be entered under Rule 155. For petitioner: James C. Gooch. For respondent: Edsel Ford Holman, Jr.
GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined a deficiency of $ 226,228 in petitioner's Federal estate tax liability. After concessions, the sole issue for decision is whether, under Tennessee's elective share statute and other related State probate statutes, the surviving spouse's calculated elective share must be reduced by a proportionate share of decedent's secured debts in determining petitioner's maximum allowable marital deduction. Doris Z. Tenenbaum (decedent) was a resident of Nashville, in Davidson County, Tennessee, on the date of her death, March 21, 1989. Decedent was survived by her husband and three children. Decedent's last will and testament was admitted to probate on April 3, 1989. The Third National Bank in Nashville qualified as executor of decedent's estate. In June 1989, decedent's surviving spouse, Harry Tenenbaum, timely filed a petition for an elective share, a year's support, and exempt property, as permitted by Tenn. Code Ann. sec. 31-4-101 (Supp. 1993). Pursuant to that election, Mr. Tenenbaum was entitled to *42 take an elective share outright rather than to share in decedent's will. [1] On or about June 23, 1989, the Davidson County Probate Court entered an order approving Mr. Tenenbaum's petition and directing the transfer of certain assets in satisfaction thereof. The elective share approved in the order was not reduced by any portion of decedent's secured debts in determining the elective share. A timely filed estate tax return reflected a gross estate of $ 10,795,197.07, secured debts of $ 1,415,787, a marital deduction of $ 4,263,534.93, *43 and a net estate tax liability of $ 1,124,517.24. No alternate valuation date was chosen on the estate tax return, and all values were determined as of decedent's date of death. The dispute in this case concerns the amount of the marital deduction available to the estate pursuant to Mr. Tenenbaum's decision to take an elective share. The marital deduction reported on the estate tax return was based on the allocation of decedent's assets pursuant to the Davidson County Probate Court order granting Mr. Tenenbaum's petition for an elective share, a year's support, and exempt property. While respondent agrees that the value of the exempt assets and year's support qualify as part of the marital deduction, she argues that the elective share amount "calculated" pursuant to Tenn. Code Ann. sec. 31-4-101 (Supp. 1993) as "one third (1/3) of the decedent's net estate" must be reduced by a pro rata (one-third) share of decedent's secured debts in determining the amount deductible by petitioner. We recently decided a case that, in all pertinent aspects, is the same as this case. Estate of Williams v. Commissioner, 103 T.C. 451 (1994). In Estate of Williams *44 , a Shelby County, Tennessee, Probate Court granted the surviving spouse's petition for an elective share and accepted her proposed allocation of estate assets to fund the share. In determining the proper marital deduction available to the estate, we held, pursuant to Commissioner v. Estate of Bosch, 387 U.S. 456 (1967), that we were not bound by the Probate Court's elective share determination since "there is no indication that the Probate Court considered and/or interpreted the elective share statute" and "no court, including those of Tennessee, has expressed an opinion interpreting the statute in question." Estate of Williams v. Commissioner, supra at 456. We then considered and analyzed the Tennessee elective share statute, as well as other relevant Tennessee probate statutes and case law, and concluded that, as a matter of Tennessee law, the surviving spouse's elective share must be reduced by a proportionate (one-third) share of the decedent's secured debts. In the case now before us, the Davidson County Probate Court approved Mr. Tenenbaum's petition for an elective share and directed the allocation of assets *45 to fund the elective share. As in Estate of Williams v. Commissioner, supra, the Davidson County Probate Court order did not contain a deduction for a portion of decedent's secured debts in determining the elective share. Further, there is no indication that the elective share statute was considered and/or interpreted by the Probate Court. Thus, we follow our previous analysis of this issue that, under Tennessee law, the surviving spouse's calculated elective share must be reduced by a pro rata (one-third) share of decedent's secured debts in determining petitioner estate's maximum allowable marital deduction. Decision will be entered under Rule 155. Footnotes
1. Under the terms of decedent's will, Mr. Tenenbaum was to receive $ 100,000 in cash or in kind, a life estate in works of art owned by decedent, and an income interest in a trust comprised of one-third (1/3) of the value of decedent's residuary estate. Mr. Tenenbaum was entitled to reach the corpus of the trust, at the discretion of the trustee, only if the income therefrom was inadequate for the maintenance of his health and reasonable comfort in his accustomed manner of living.↩